EDWIN E. HALL, Appellant, *v.* THE CITY OF SYRACUSE and Others, Respondents.

*Deed by a corporation — when authority to sell is given by stockholders to directors.*

Where a deed of land is given to a city by a corporation, the city is justified in assuming that the president of the corporation and its board of directors are authorized to act for it in agreeing upon the value of the premises and in making a conveyance thereof to carry out the agreement.

Where, at an annual meeting of the stockholders of a corporation, held at a time fixed by the by-laws thereof, the subject of selling to a city substantially all of its water rights, easements and privileges was discussed, the possibility of the city taking the same by condemnation proceedings was considered, and the president of the corporation was authorized to confer with the city authorities, see what arrangements could be made, and to report thereon to the board of directors, it is practically the placing by the stockholders of the matter of such sale in the hands of its board of directors, and the city authorities are not called upon to investigate whether all the stockholders were or were not present at such meeting.

A stockholder of a corporation is presumed to know of its meetings.

APPEAL by the plaintiff, Edwin E. Hall, from a judgment of the Supreme Court in favor of the defendant, rendered at the Onondaga Special Term, and entered in the office of the clerk of said county on the 20th day of January, 1893.

*George Barrow,* for the appellant.

*Hancock, Beach & Devine,* for respondents Mottville Paper Co. and others.

*Charles E. Ide* and *C. G. Baldwin,* for respondent City of Syracuse.

*Charles L. Stone* and *W. A. Beach,* for respondent Syracuse Water Board.

MERWIN, J.:

This action is brought by the plaintiff, as a stockholder in the defendant, the Mottville Paper Company, Limited, to set aside a deed from that company to the city of Syracuse, dated February 23, 1891, upon the ground that, as against a stockholder who did not

assent to it, it was void·for want of power in· the board of directors to execute it or authorize its execution.

The paper company was organized in 1886 under the provisions of chapter 611 of the Laws of 1875, for the purpose of manufacturing paper at Mottville, N. Y. Prior to the organization, the parties interested therein, and who afterwards became stockholders, contemplated the purchase of certain real estate and buildings thereon, and water rights and privileges appurtenant thereto, situated on the outlet of Skaneateles lake. After the incorporation, such property was purchased, and improvements were made thereon, and the business of manufacturing paper was there entered upon and continued down to the time of the trial, the water of the outlet being used for the purpose of washing the material and reducing the same to pulp, and in part for the propelling of machinery, the balance of the machinery being propelled by steam power.

By chapter 291 of the Laws of 1889, the Syracuse Water Board was created, and power was conferred upon it to acquire by pur-. chase or condemnation, for and in the name of the city of Syracuse, any property necessary for the acquisition, construction, maintenance, control and operation of the system of water works contemplated by the act. By section 18 of the act, as amended in 1890 (Chap. 314), it was authorized, under certain conditions, to take water from the Skaneateles lake. One of the provisions of this section is, that "before any water shall be taken from Skaneateles lake, under the provisions of this act, the city of Syracuse shall acquire or extinguish all water power rights upon the outlet of said lake, to be affected by the proposed·storage of water." It was also provided that the powers granted to the water board to acquire property under the act, and to make payment therefor, shall be deemed to include full power and authority to do and perform all acts and things necessary or proper to enable the city to obtain water from the lake under the provisions of the amended section. The water power rights of the Mottville Paper Company were among those affected by the proposed storage of water. Substantially all its water rights, easements and privileges were derived from water coming from the lake through the outlet. Thereupon, the water board, acting under the authority given by the acts referred to, prior to January 5, 1891, demanded of the paper company the sale by it of such rights and

privileges, offering to pay the value to be agreed upon, and in case of refusal by the company to sell, threatened to take proceedings under the statute for the condemnation thereof.

The capital stock of the paper company was $30,000, of which the plaintiff has, since January, 1888, been the owner of $5,000, and at one time was secretary and treasurer of the company. He has, however, since January, 1890, been at variance with the management of the corporation, and attended no meetings of the stockholders or directors. The annual meeting of the stockholders is fixed by the by-laws of the company for the first Monday of January, at the office of the company at Mottville. At the annual meeting in January, 1891, stockholders owning or representing stock to the amount of $25,000 were present. The plaintiff was not there. At this meeting the subject of selling the company's water rights to the city of Syracuse, and the possibility of the city taking the property by condemnation, were considered, and the president of the corporation was authorized to confer with the city authorities, and see what arrangement could be made, and report thereon to the board of directors. Under this authority, negotiation was had by the president, and he reported at a subsequent meeting of the directors that the city offered to pay $22,500 in cash, as damages, and for the purchase of the water rights. This offer was accepted by the directors, and the president authorized to execute the necessary conveyances, and receive the money. The deed in question was accordingly executed and delivered, and the money paid. The deed purports to convey " all the right, title and interest held or claimed by the said first parties in and to the water power, the right or privilege to use the water of Skaneateles lake outlet, and all interest or easements held or claimed therein by them, wherever situate, or from whatever source derived; and especially all the right to use the water of said outlet, and all the easements or water privileges connected with or belonging to the following described premises," describing the real estate of the company; " said party of the second part also stipulates and agrees that said city of Syracuse will not, at any time, make any charge or rental to said first party for the use by them of any waters flowing down said outlet. This stipulation or agreement shall not, however, be construed as a license or grant of any rights with relation to said waters or the use thereof."

The money received upon the sale has been used by the paper company in the payment of its debts or in the business of the company, and prior to the commencement of this action the plaintiff did not restore, or offer to restore, to the city any part of it.

It is found by the Special Term, upon sufficient evidence, that the price paid was all that the rights conveyed were worth; that in and about the prosecution of the business, the paper company can obtain more reliable power to operate its paper mill and machinery from steam than from water, and that sufficient water for the purpose of making paper can be obtained from sources other than from water flowing from the lake into the outlet; that during the period of seven or eight months of the year, water will flow down the outlet to the Erie canal, for the use of the State; that all the business of the company can be well conducted without the use of water from Skaneateles lake flowing through the outlet; that in making the sale and conveyance the defendants acted in good faith and for the best interest of all parties concerned, as they believed, and no material injury has resulted therefrom to said company, or to any of its stockholders. It appears that the directors who authorized the deed owned or represented all the stock except what was owned by the plaintiff.

We fail to see that the plaintiff has any good ground for equitable relief. The city and those acting in its behalf, had a right to believe that the president of the company and its board of directors had a right to act for it in agreeing upon the value, and in making a conveyance to carry out the agreement. Practically at the stockholders' meeting, the matter was placed by them in the hands of the board of directors. The city authorities were not called on to investigate whether all the stockholders were present. The plaintiff is presumed to have known of the meeting; he does not deny that he knew of it, but he chose to be absent.

If, as was apparently the case under the statutes referred to, the city had a right to acquire the property in question whether the paper company was willing to sell or not, the question of power to sell became unimportant to the stockholders. The only open question was the one of price, and upon that subject, especially after the action of the annual meeting, the board of directors legally represented the corporation. It was their duty to obtain the highest

price they could. In their judgment this was accomplished by agreement rather than by allowing proceedings for condemnation. We find no good reason for interfering with their agreement and consequent conveyance.

It follows that the judgment should be affirmed.

HARDIN, P. J., and PARKER, J., concurred.

Judgment affirmed, with one bill of costs to defendants.